## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth D. Robinson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 20, 2015 <br><br> Court of Appeals Case No. 02A03-1505-CR-286 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge. <br><br> Trial Court Cause No. 02D05-1412-F5-161 |

**Baker, Judge.**

[1] Kenneth Robinson appeals the sentence he received for Level 5 Felony Battery.[1] He asks us to revise his sentence. Finding his sentence not inappropriate, we affirm.

# Facts

[2] On December 23, 2014, Robinson got angry with his girlfriend, Saundra Taylor. He struck her face with a closed fist, knocking her to the ground. He then knelt on her chest, immobilizing her, and struck her jaw approximately ten more times.

[3] When police officers found her, Taylor was bleeding heavily from her mouth. She was crying and appeared to be in agony. She was taken to the hospital where doctors found multiple fractures of her jaw, in addition to a fractured tooth. Successful treatment required oral surgery and wiring her jaw shut.

[4] On December 31, 2014, the State charged Robinson with Level 5 felony battery and Class A misdemeanor domestic battery.[2] He pleaded guilty to both charges on March 13, 2015.

[5] On April 10, 2015, the trial court held a sentencing hearing. At that hearing, the trial court heard evidence regarding Robinson's criminal history. He has thirty-three prior misdemeanor convictions and seven prior felony convictions. His convictions include two driving while intoxicated convictions, six criminal

---

[1] Ind. Code § 35-42-2-1.

[2] I.C. 35-42-2-1.3.

conversion convictions, three resisting law enforcement convictions, two operating with a suspended license convictions, and a criminal trespass conviction—and all of these were before 2000, only halfway through his thirty-year criminal history.

[6] The trial court found Robinson's extensive criminal background and failed efforts at rehabilitation to be aggravating factors. It found his acceptance of responsibility and remorse to be mitigating factors. The trial court entered judgment on the felony battery charge, vacated the conviction of domestic battery on double jeopardy grounds, and sentenced Robinson to six years imprisonment. Robinson now appeals his sentence.

## Discussion and Decision

[7] Robinson has one argument on appeal; he posits his willingness to plea guilty in a timely manner, without the benefit of a plea agreement, "to be a substantial mitigating circumstance which should have balanced the aggravating circumstances found by the trial court. . . ." Appellant's Br. 9. However, we no longer review the balancing of aggravators and mitigators. *See Angelmeyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007). Robinson is correct that his willingness to plead guilty, his acceptance of responsibility, and his remorse deserve some weight. Precisely how much weight these factors deserve, however, is to be decided by the trial court, not by us.

[8] Indiana Appellate Rule 7(B) provides the following: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's

decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The principal role of such review is to attempt to leaven the outliers, but not to achieve a perceived "correct" sentence. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Id*. at 1222. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[9] The sentence prescribed for a Level 5 felony is "imprison[ment] for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6(b). The trial court sentenced Robinson to a maximum term of six years.

[10] Turning to our Rule 7(B) review, as to the nature of the offense, Robinson committed a brutal act of battery. This was not a single swing; rather, Robinson knocked his victim to the floor, knelt on her chest, and struck her ten more times. She had multiple jaw fractures, experienced severe pain, and had to have her jaw wired shut. Thus, the nature of Robinson's offense gives us no reason to reduce his sentence.

Neither does his character. Robinson has been convicted of thirty-three misdemeanors and seven felonies. His convictions are spread evenly through a thirty-year criminal career. This battery was no aberration. In sum, we do not find the six-year sentence imposed by the trial court to be inappropriate in light of the nature of Robinson's offense and his character.

The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.